Taliaferro, J.
The plaintiff alleges that he is the owner of certain lots of ground and the buildings thereon situated at the corner of Gravier, Front and Fulton streets, in New Orleans; tiiat the house he occupies at that locality is used both for thepurposes of his business and as his family residence; the upper story of the building being appropriated for the use of the family, the lower story being used for a refreshment saloon. He complains that the adjoining building owned by the defendant Stone, and leased by him to Willoz & Rostand, is used by the lessees for the purpose of carrying on a sugar refinery, in the opperating of which a steam engine of great power is used on the basement story of the building; that the working of this engine, which is in operation night and day, causes himself and family an annoyance *124 which is insupportable; that the force of this steam power rocks the foundation of the plaintiff’s building, causing a tremor and cracking of the walls, which threaten the destruction of the entire fabric; that for the safety of his family and to relieve them from the constant noise, agitation and vapors proceeding from the action of the steam engine, he has been compelled to remove them to another residence for their safety and comfort. He alleges that from the same cause he has been injured in his business by the loss of the patronage of his friends, who decline coming to his saloon in consequence of the unsafe and uncomfortable condition of the plaintiff’s establishment superinduced from the aforesaid causes. He prays damages to the amount of ten thousand dollars, and that the defendants be injoiued from operating the said steam engine in their said building to the danger and annoyance of the plaintiff. Catherine Muller and William Muller alleging that they are owners to the extent of an undivided half share and interest of the property occupied by the plaintiff, and from the proper use and enjoyment of which he is debarred by the defendants, intervened in this case joining the plaintiff and adopting all the allegations of his petition.
The defendants put in a general denial — aver that they have paid the city of New Orleans two hundred and four dollars as a license for carrying on their sugar refinery in the building referred to by the plaintiff; that the payment of this license and the granting of the permit by the city to them was preceded by an examination of the building by the city surveyor who reported the same to be of sufficient strength to prevent motion or vibration from the action of the steam engine used by the defendants. They aver also the payment of a State license for the same privilege. They pray that the plaintiff’s demand be rejected, and that the city of New Orleans as their warrantor, be called in to defend them against the action. The city excepted that the defendants have no cause of action ; that the permission granted to them by no means binds the city to maintain them in the use of the premises permitted to be used.
The case was tried before a jury, who awarded damages in favor of the plaintiff for the sum of fifteen hundred dollars. The defendant, Stone,ha= appealed. Two bills of exceptions were taken by defendants. Both refer to the charge of the judge to the jury. We do not find error in the charge given to the jury and think the exceptions were not well taken.
We think the plaintiff has fully made out a case which entitles him to relief. The important inquiry is whether Stone, the proprietor of the building leased to Willoz & Rostaud, is liable in damages. We have seen that the judgment of the lower court condemned the proprietor and the lessees in solido, and that Stone, the owner of the leased prem *125 iseSj has alone appealed. Stone, it is shown at the time the lease was made by his agents, Green & Elder, was residing in the State of Massachusetts. Under date of July 9, 1870, Green & Elder wrote to Stone saying, “ Mr. Willoz wants the premises to put in apparatus for reboiling molasses,” etc. On the fourteenth of the same month, Stone answers, “1 prefer renting them (the stores) for some other purpose, but, on the conditions he names, that the floors should not be cut, the buildings to be returned as clean and in the same good condition as be receives them, etc., you may let him have them for three years at $2500 for the first year, $3000 for the second and $3500 for the third.” A sugar refinery was established on the premises instead of placing therein apparatus for reboiling molasses. The proprietor of a building leased to a tenant, it has been held, is not liable in damages to third parties resulting from the use to which the tenant may put the leased property unless it be shown that at the time the lease was made be knew the uses and purposes the tenant would apply it to, and that such use from the nature of the business would prove a nuisance. 4 Denio, p. 317.
We think that Stone can not be held responsible for the manner in which the sugar refinery may have injured the business of the plaintiff.
It is therefore ordered that the judgment of the lower court) so far as it condemns the defendant, Stone, to pay damages to the plaintiff, be annulled, avoided and reversed; it is further ordered that the plaintiff and appellee pay costs of this appeal.